IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HPROF, LLC,

    Plaintiff,

vs.

ALIYYAH SALMA et al.,

    Defendants.

No. 2:12-cv-02263 MCE KJN PS

FINDINGS AND RECOMMENDATIONS

_____/

    This is an unlawful detainer action that was removed to this court by defendant Jacoby Jones, proceeding without counsel, from San Joaquin County Superior Court on September 4, 2012. (Dkt. No. 1.)[1] Defendant Jacoby Jones has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (See Dkt. No. 2.) However, the affidavit in support of the application to proceed in forma pauperis is incomplete and not signed. (Id.) Ordinarily, defendant would be provided with an opportunity to submit either the appropriate, completed affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee. Nevertheless, for the reasons discussed below, the court finds that it lacks subject matter jurisdiction over the action, and that requiring the filing of an amended affidavit or payment of

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

the filing fee would be futile.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. After reviewing the notice of removal and its accompanying documents, the court concludes that it lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim, and that the action should be remanded to state court.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

(citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, removal cannot be based on federal question jurisdiction.  The state court pleadings and papers attached to the removal notice establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt. No. 1 at 5-8. )  According to the state court complaint, plaintiff acquired the subject real property in Manteca, California after a foreclosure sale and is seeking to evict defendant(s) from the property.  (Dkt. No. 1 at 7-8.)  This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.

Defendant contends that the action involves a federal question, because he was dispossessed of his property without due process of law, and because his due process and equal protection rights were also violated in the course of the unlawful detainer proceedings in state court.  (Dkt. No. 1 at 2, 4.)  However, plaintiff's complaint itself is strictly an action based on the California unlawful detainer statutes.  Thus, defendant's reference to federal constitutional violations can at best be characterized as a potential defense or counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  Any defenses based on federal law must generally be raised in the state court action (and if appropriate, pursued on appeal in the state appellate courts) and do not provide a basis for removal to federal court.  "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")

Furthermore, this action cannot be removed on grounds of diversity jurisdiction.  First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

specifically seeks less than $10,000. (Dkt. No. 1 at 6.) Second, defendant is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*") (emphasis added).

Based on the aforementioned analysis, the court finds that remand is appropriate, because the court lacks subject matter jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Jacoby Jones's request to proceed in forma pauperis (dkt. no. 2) be DENIED;

2. The action be REMANDED to the San Joaquin County Superior Court;

3. The Clerk be directed to serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, and reference the state case number (39-2012-00283806-CL-UD-MAN) in the proof of service; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

1 objections. The parties are advised that failure to file objections within the specified time may
2 waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th
3 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  September 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE